UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00113-JAW |
| | ) |
| GREGORY HARRIMAN, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

The United States of America brought this civil action against the Harrimans in order to obtain possession of a certain parcel of property located in Troy, Maine, which the Harrimans are alleged to be unlawfully occupying with other unknown persons.[1] The Harrimans responded to the complaint by filing an answer and counterclaim. In their counterclaim they incorporated a motion for a conditional judgment, seeking to retain possession of the property through the payment of a sum determined by the Court to be due. The United States of America has moved to dismiss the counterclaim and also opposes the motion for conditional judgment. I now recommend that the Court deny the motion for conditional judgment (ECF No. 7) and grant the plaintiff's motion to dismiss the counterclaim (ECF No. 9).

The Harrimans' litigation over this parcel goes back over a decade and has been through state and federal, lower and appellate courts. In 2001, I set forth the history of the case in a recommended decision. At that time, the Defendants were already involved in their "fourth piece of litigation in the foreclosure saga commenced on July 24, 2001." Harriman v. United

---

[1] Based upon the notice to quit (ECF No. 1-2), it appears the litigation includes the dwelling at 207 Burnham Road. In their answer the defendants mention 320 Troy Center Road, as a second parcel of real estate. The complaint itself seeks possession of the parcel described in the quitclaim deed found at ECF No. 1-1. I offer no recommendation as to what street addresses are implicated by the legal description contained therein. The two referred motions do not require resolution of that issue.

States Agric. Sec'y, No. 01-148-B-H, 2001 WL 1382032, 2001 U.S. Dist. Lexis 18192 (D. Me. 2001)(Recommended Decision) (describing earlier litigation including: Fleet Bank of Me. v. Harriman, 1998 ME 275, 721 A.2d 658; Harriman v. U.S. Dep't of Agric., 99 F. Supp. 2d 105, 106 (D. Me. 2000); Harriman v. U.S. Dep't of Agric., No. CIV. 99-41-B, 1999 WL 33208103 (D. Me. 1999) (unpublished mem. of decision); Harriman v. Fleet Bank Me., No. 01-51 (Me. June 14, 2001) (unpublished memorandum of decision at www.cleaves.org)).

In 2005, the Harrimans again sued the USDA regarding title to the farm in Troy, Maine. That action was also dismissed, and the dismissal was affirmed on appeal. Harriman v. U.S. Dep't of Agric., No. 1:05-cv-00079-JAW (D. Me. 2005) (ECF Nos. 5 (Report and Recommended Decision), 8 (Order Adopting), 13 (First Circuit Judgment Affirming)). The Harrimans' most recent prior litigation, Harriman v. U.S. Dep't of Agric., No. 1:11-cv-00208-NT, was removed to this Court by the United States from the Waldo County Superior Court on May 20, 2011. The defendant moved for summary judgment and Judge Torresen granted the motion, finding that "[t]he Harrimans' claim that they may redeem the Property for $1.00 cannot be taken seriously." (Order on Mot. for Summary Judgment at 3, ECF No. 18.) Judgment entered for the defendant on January 4, 2012, and has never been appealed.

## Discussion

The Government's motion to dismiss the counterclaim should be granted. In this case, the defendants' counterclaim fails to articulate a plausible claim for relief. The United States Supreme Court has ruled that a claim does not need to contain "detailed factual allegations," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), but it does require sufficient factual content to support a plausible inference that the party is entitled to a legal remedy. Drawing on "judicial experience and common sense," Iqbal v. Ashcroft, 556 U.S. 662, 679 (2009), I

conclude the defendants' counterclaim fails to state a plausible claim for relief. Even if I determined that defendants had asserted a valid claim for relief in their counterclaim, the doctrine of res judicata would preclude the relief they seek. "Federal claim preclusion law bars a plaintiff from litigating claims in a subsequent action that could have been, but were not litigated in an earlier suit." Silva v. City of New Bedford, 660 F.3d 76, 78 (1st Cir. 2011), cert. denied, 132 S. Ct. 1808 (2012). To the extent the Harrimans' counterclaim is designed to relitigate the issue of title or possessory interest to the parcel described in the pending complaint, that issue has been conclusively resolved by the prior litigation.

Defendants' motion for a conditional judgment fares no better. The statute on which they rely applies to real estate mortgages and the rights of mortgagors to retain possession of property through payment of a sum determined by a Court to be due. 14 M.R.S. §§ 6251, 6252. The Harrimans refuse to acknowledge that there is no longer any mortgage on the property. However, because there is no longer any mortgage, the statutory provisions they rely on are inapplicable and they have no rights as mortgagors to seek a conditional judgment. After more than 10 years the mortgage has been foreclosed and title has passed entirely to a new owner who now seeks possession of the property. Defendants' request for a conditional judgment is far more than a day late and a dollar short. By operation of law, the foreclosure deed conveys real estate free and clear of the interests of the parties in the original foreclosure action. 14 M.R.S. § 6323. The United States is now the lawful owner of the property and a conditional judgment is inapplicable.

## Conclusion

Based upon the foregoing, I recommend that the Court deny the motion for conditional judgment and grant the motion to dismiss the counterclaim.

NOTICE

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 14, 2012                                 /s/ Margaret J. Kravchuk
                                                         U.S. Magistrate Judge