UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:12-cv-00113-JAW |
| | ) |
| GREGORY HARRIMAN and | ) |
| KATHRYN HARRIMAN, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

This recommended decision addresses the motion of the United States of America for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (ECF No. 15.) The United States brought this civil action against the Harrimans in order to obtain possession of a certain parcel of property located in Troy, Maine, which the Harrimans are alleged to be unlawfully occupying with other unknown persons. The Harrimans responded to the complaint by filing an answer and counterclaim, incorporating in the counterclaim a motion for a conditional judgment to retain possession of the property. The Court granted the United States' motion to dismiss the counterclaim and denied the Harrimans' motion for a conditional judgment. (Recommended Decision, ECF No. 12; Order Adopting, ECF No. 14.) Therefore, the only remaining pleadings as to which judgment has not yet been rendered are the complaint (ECF No. 1) and the answer (ECF No. 6). I recommend, for the reasons stated below, that judgment be granted to the United States on the basis of these pleadings.

Although I referred in my prior recommended decision (ECF No. 12 at 1 n.1) to two properties mentioned by the Harrimans in their counterclaim, I now address only the property referenced in the complaint and described in the quitclaim deed attached to the complaint.

1

(Complaint at 1-2; Quitclaim deed, ECF No. 1-1.)  In its complaint, the United States alleges that it owns the property described in the quitclaim deed and it is consequently entitled to possession of that property.  (Complaint at 2.)  It alleges that the Harrimans and other unknown occupants are currently in possession of that property and that it has served notices to quit upon the Harrimans and the other occupants, but they have refused to remove themselves and their possessions from the property.  (Complaint at 2-3.)  The complaint requests a judgment to obtain immediate possession of the property, ejectment of the Harrimans, and costs.

The Harrimans assert in their opposition to the motion (1) that they effected a redemption, and (2) a new promissory note was issued prior to the commencement of the foreclosure proceedings.  (Response at 2, ECF No. 20.)  Their arguments are precluded by the doctrine of res judicata.  "The doctrine of res judicata dictates that a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action."  Haag v. Shulman, 683 F.3d 26, 30 (1st Cir. 2012) (internal quotation marks omitted).  The issue of redemption has been litigated and decided; the Court has held that "[t]he Harrimans did not redeem their property within the applicable period of time for the required amount and they have no other right of redemption."  Harriman v. United States, 847 F. Supp. 2d 143, 145 (D. Me. 2012).  Likewise, the Harrimans' argument about the promissory note is also precluded by the doctrine of res judicata, based on the existence of a valid foreclosure judgment as referenced in Harriman.  See id. at 144 & n.1; United States v. Harriman, 851 F. Supp. 2d 190, 195  (D. Me. 2010).

The United States is entitled to judgment on the pleadings.  "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."  Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  "[T]o survive a Rule 12(b)(6) motion (and, by

extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . .'" Id. (citation omitted) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). The Harrimans' answer does not "admit or deny the allegations asserted against" them, as provided under Fed. R. Civ. P. 8(b)(1)(B), and therefore those allegations are deemed admitted, pursuant to Fed. R. Civ. P. 8(b)(6). The Harrimans instead attempted to assert defenses concerning redemption and the foreclosure sale. (Answer at 2.) As has already been fully addressed, these defenses are precluded by the doctrine of res judicata. See Haag, 683 F.3d at 30. The United States is entitled to immediate possession of the property and is entitled to eject the Harrimans and any other current occupants from the property.

## CONCLUSION

I recommend that the Court GRANT the plaintiff's motion for judgment on the pleadings.

## Notice

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 16, 2012            /s/ Margaret J. Kravchuk
                             U.S. Magistrate Judge