UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12-cv-00113-JAW |
| ) | |
| GREGORY HARRIMAN, ) | |
| KATHRYN HARRIMAN, and ) | |
| UNKNOWN OCCUPANTS of ) | |
| 207 Burnham Road, Troy, Maine, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR INJUNCTIVE RELIEF**

Gregory and Kathryn Harriman have fought the Government's foreclosure proceeding every step of the way. Now, with eviction at their doorstep, they have filed a motion demanding that the Court issue an injunction to prohibit the Government from executing the Writ of Execution of Ejectment. *Mot. for Injunctive Relief* (ECF No. 37) (*Pls.' Mot.*). The Court denies their motion.

The Harrimans cite three grounds for the requested relief: (1) that this Court issued a stay of execution on the Writ of Execution and has not lifted the stay; (2) that the Writ of Execution is no longer valid because it was not returned in 60 days; and (3) that the Writ of Execution was never valid "because Rural Housing has never perfected its security interest by complying with the requirements of" 14 M.R.S. §§ 4151, 4651-A and 4652, and Federal Rule of Civil Procedure 69. *Id.* at 1. On April 28, 2015, the Government filed its response. *Resp. to Defs.' Mot. for Injunctive Relief*

(ECF No. 39) (*Gov't's Opp'n*). After the Court reviewed the parties' filings, it issued an order on April 29, 2015 requiring the Government to provide authority for the proposition contained in its proposed order, which the Court endorsed, that the United States Marshal was to return the Writ "according to law, within the next sixty days." *Order Requiring Further Explanation* (ECF No. 41). On April 29, 2015, the Government filed a further response. *Resp. to Order Requiring Further Explanation* (ECF No. 42) (*Gov't's Supplemental Opp'n*).

## I. THE STAY OF EXECUTION

The Harrimans correctly state that the Court issued a stay of execution of the Writ of Execution of Ejectment on January 28, 2013. *Order on Mot. for Stay of Writ of Ejectment Pending Appeal* (ECF No. 33) (*Stay Order*). However, they are incorrect in asserting that the stay is still in effect. The Court issued the stay order in direct response to the Harrimans' motion filed on January 17, 2013. *Mot. for Stay Pending Appeal* (ECF No. 29) (*Mot. for Stay*). In that motion, the Harrimans cited Federal Rule of Appellate Procedure 8(a)(1)(A), which authorizes a district court to stay a judgment or order of the court "pending appeal." *Id.* at 1. The Harrimans made it clear that they were seeking the stay only "pending appeal to the United States Court of Appeals for the First Circuit and the rendering of a decision by the appellate court" and that they were seeking the stay only "to preserve the status quo pending appeal." *Id.* In its January 28, 2013 Order, the Court expressly stated that it was ordering "the Writ of Execution of Ejectment dated January 9, 2013 STAYED pending the

2

First Circuit Court of Appeals' resolution of the Harrimans' appeal." *Stay Order* at 2.

The Harrimans filed their notice of appeal to the First Circuit the same day they moved to stay the execution of the Writ. *Notice of Appeal* (ECF No. 30). On July 25, 2013, the First Circuit issued its judgment, affirming the district court judgment, *J.* (ECF No. 35), and on October 22, 2013, the First Circuit issued its mandate. *Mandate* (ECF No. 36). Upon the issuance of the mandate, the Harrimans' appeal was no longer pending in the First Circuit Court of Appeals and therefore the stay was lifted automatically. The Court therefore clarifies that the Order on Motion for Stay of Writ of Ejectment Pending Appeal was lifted upon the First Circuit Court of Appeals' issuance of its mandate on October 22, 2013 because the appeal was no longer pending. The Court rejects the Harrimans' contention that the Stay Order is still effective and that it bars the execution of the Writ.

## II. THE VALIDITY OF THE WRIT OF EXECUTION: THE SIXTY-DAY PERIOD

The Harrimans' next point is that the United States Marshal failed to execute the Writ of Execution of Ejectment within sixty days of January 9, 2013 and they claim that this delay invalidates the Writ. *Pls.' Mot.* at 1; *Execution of Ejectment* (ECF No. 28). In its supplemental response, the Government explained that the authority for a writ of ejectment comes from the All Writs Act, 28 U.S.C. § 1651(a). *Gov't's Supplemental Opp'n* at 2. It also explained that, contrary to the implication of the language in the Order, the sixty-day period is not a matter of law, but was included in the proposed order "to provide an appropriate deadline by which the

United States Marshal was to demonstrate to the Court that the ejection had occurred." *Id.* at 3.

The All Writs Act, 28 U.S.C. § 1651(a), authorizes the federal court to issue writs of assistance to enforce final judgments, including an order of ejectment. *United States v. Young*, 806 F.2d 805, 807 (8th Cir. 1986) (holding the district court correctly granted a writ of assistance to enforce its eviction order because the government was entitled to possession of the property); *United States v. Capriotti*, No. 1:11-cv-00847-SAB, 2013 U.S. Dist. LEXIS 61009, at *9 (E.D. Cal. Apr. 29, 2013) ("[T]he All Writs Act authorizes federal courts to issue writs of assistance to enforce final judgments"); *United States v. McKinnie*, No. 07-1024B, 2009 U.S. Dist. LEXIS 45408, at *5 (W.D. Tenn. Mar. 12, 2009) ("[C]ourts have applied the All Writs Act to authorize the United States to take possession of real property that has been forfeited to the United States, to evict the occupants, and to dispose of the property in accordance with a forfeiture decree") (internal quotation marks and citation omitted); *United States v. Bell*, No. CIV-F 95-5346 OWW SMS, 2002 U.S. Dist. LEXIS 7487, at *13 (E.D. Cal. Feb. 19, 2002) ("The All Writs Act . . . authorizes federal district courts to issue writs of assistance to enforce final judgments"); *United States v. Real Prop. & Premises Known as 63-39 Trimble Rd., Woodside, N.Y.*, 860 F. Supp. 72, 74-76 (E.D.N.Y. 1994) (the All Writs Act authorizes a federal court to order the United States Marshal to enter and take possession of the premises, to evict its occupants, and to dispose of the premises pursuant to the court's decree of forfeiture).

The question the Harrimans have raised is whether the phrase in the January 9, 2013 Execution of Ejectment, "You shall make return of this Writ, according to law, within the next sixty days," means that the Writ itself is invalid because it is now long after that sixty-day period. *Pls.' Mot.* at 1; *Execution of Ejectment* at 1. The Court concludes that the failure of the Marshal to execute on the January 9, 2013 Order does not affect its validity.

Plainly, the Harrimans are not in a position to complain about the delay. After all, the Harrimans have been strenuously arguing for years that they should not be evicted at all and now they come to Court saying that they should have been evicted long ago. In addition, they occasioned a substantial portion of the delay when on January 17, 2013 they filed a motion to stay the Writ pending resolution of the appeal. *Mot. for Stay* at 1. The Harrimans may not benefit from a delay that they themselves caused. Once the First Circuit issued its mandate on October 22, 2013, the Harrimans were again subject to eviction pursuant to the Execution of Ejectment Order as they no longer had any legal right to remain in the property. The Government's decision to forego immediate eviction or eviction within the sixty-day period provided by the Ejectment Order only benefitted the Harrimans by allowing them to remain in a place they had no right to remain. Here, the Government explained that it was reluctant to evict the Harrimans in the middle of a harsh Maine winter. *Gov't's Opp'n* at 3.

Because the Order could be interpreted as saying that the Writ must be returned "according to law, within the next sixty days," not "return . . . this Writ,

5

according to the law," the Court required the Government to provide the legal authority for the sixty-day period that the Government earlier proposed to the Court. In its research the Court had not been able to locate the sixty-day period referenced in the Order in any statute, rule, or court case. In its supplemental response, the Government confirmed not only that the sixty-day interval was not a matter of law, but also that it had suggested the sixty-day period as a decent interval within which the United States Marshal could respond to the court order. *Gov't's Supplemental Opp'n* at 3. The Government's response confirmed the Court's own research.

As the sixty-day period was not compelled by law, the legal force of the sixty-day time frame is purely a function of the Order itself, and the Court has the inherent authority to revise its own Order. The Court clarifies that the sixty-day period was precatory only and the Court hereby amends its January 9, 2013 Execution of Ejectment to provide that the United States Marshal "shall make return of this Writ, according to law, if possible, within sixty days following the date of this Order on Motion for Injunctive Relief."

## III. THE VALIDITY OF THE WRIT OF EXECUTION: PERFECTION ISSUE

Lastly, the Harrimans assert that the Writ of Execution is invalid "because Rural Housing has never perfected its security interest by complying with the requirements of" 14 M.R.S. §§ 4151, 4651-A and 4652, and Federal Rule of Civil Procedure 69. *Pls.' Mot.* at 1. This argument, however, goes to the merits of the Government's foreclosure against the Harrimans and this Court and the First Circuit Court of Appeals have both ruled in favor of the Government and against the

Harrimans on the merits.  *Recommended Decision* (ECF No. 23); *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 25); *J.* (ECF No. 26); *J. of the United States Ct. of Appeals for the First Circuit* (ECF No. 35); *Mandate of the United States Ct. of Appeals for the First Circuit* (ECF No. 36); *Recommended Decision on Mot. to Dismiss* (ECF No. 10) (1:13-cv-00450-JAW); *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 13) (1:13-cv-00450-JAW); *J.* (ECF No. 14) (1:13-cv-00450-JAW); *J. of the United States Ct. of Appeals for the First Circuit* (ECF No. 19) (1:13-cv-00450-JAW); *Mandate of the United States Ct. of Appeals for the First Circuit* (ECF No. 20) (1:13-cv-00450-JAW).  The Harrimans have more than had their day in court and may not now attempt to re-litigate the issues they have already lost or could have raised in the prior lawsuits.

## IV.    CONCLUSION

The Court DENIES the Plaintiffs' Motion for Injunctive Relief (ECF No. 37). The Court clarifies that the Order on Motion for Stay of Writ of Ejectment Pending Appeal (ECF No. 33) was lifted upon the First Circuit Court of Appeals' issuance of its mandate on October 22, 2013.  Finally, the Court AMENDS its Execution of Ejectment (ECF No. 28) to provide that the United States Marshal "shall make return of this Writ, according to law, if possible, within sixty days following the date of this Order on Motion for Injunctive Relief."

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2015

7